# JOHN MURPHY

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

PLEADING—*certainty as to identity of the person, in a plea of former recovery.* In an action of debt on a recognizance, the defendant interposed a plea of former recovery, in which it was averred that the people " impleaded the said defendant in a certain plea of *scire facias*, in the words and figures following," setting out the writ at length, by which it appeared the defendant was named and impleaded with a certain other person, who was his co-obligor in the recognizance: *Held*, it appeared with sufficient certainty in the plea, that the defendant was the same person who was impleaded in the *scire facias*.

APPEAL from the Circuit Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding.

The opinion states the case.

Mr. JOHN DOUGHERTY, for the appellant.

Mr. WASHINGTON BUSHNELL, Attorney General, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellees, in the Union circuit court, against appellant, on a recognizance to keep the peace. The declaration contained one count, and to it appellant filed a plea of former recovery on the same cause of action in the Union circuit court. The plea avers that a *scire facias* was issued upon the recognizance against Record and appellant, and the *scire facias* is set out in the plea. It further avers that appellant filed a demurrer to the writ, and then sets out the judgment sustaining the demurrer, and appellees having failed to amend the writ, final judgment was rendered in favor of appellant, that he go hence without day. To this plea appellees filed a demurrer, which was sustained by the court, and appellant failing to plead over, a judgment was rendered for the amount of the recognizance. The record is brought to this court by appeal, and the rendition of the judgment on the demurrer is assigned for error.

It is urged that this plea fails to aver that appellant is the same person who was impleaded in that proceeding. We have examined the record, and find that it is averred that appellees "impleaded the said defendant in a certain plea of *scire facias*, in the words and figures following," and then sets out the writ at length. From the copy of the writ, set out in the plea, we see that appellant is named and impleaded with Philip Record. We see from the plea that it conforms, in this respect, to the strictest rules of certainty. It avers that appellant was impleaded, and avers in the fullest manner, how and with whom he was impleaded. It leaves no room for doubt.

An examination of the recognizance set out in the plea, shows incontestibly that it was the same instrument upon which this action is brought, and, taken altogether, there can

be no question that the *scire facias* was on the same recogni-
zance, and between the same parties, except Record, involved
in this suit.   Counsel for appellees has suggested no other
ground for holding the plea had, and we have not looked into
the *scire facias*, to see whether it presented a sufficient ground
of recovery, or whether the demurrer was sustained for want
of some material averment that is supplied by the declaration
in this case, as neither party refers to it, but they argue the
case as though the *scire facias* was in all respects good.    The
court below erred in sustaining the demurrer to appellant's plea,
and the judgment must be reversed and the cause remanded.

*Judgment reversed.*